Nathan **HAUSMAN**, in His Own Behalf as a Stockholder of Defendant Pantepec Oil Company, C. A., and in Behalf of All Other Such Stockholders Similarly Situated, Plaintiff,

and

Joseph Applebaum and The Applebaum Foundation, Inc., Intervenor-Plaintiffs,

v.

John S. **BAILEY**, John W. Buckley, Eduardo Lopez de Ceballos, George S. Montgomery, Jr., Jose Melich, Orsini, Santiago Segovia, John T. Sinclair, Jr., Guy K. Stewart, R. Ramirez U, Cecilio Velasco, G. J. van Wageningen, Phillips Petroleum Company and Pantepec Oil Company, C. A., Defendants.

United States District Court
S. D. New York.

Sept. 9, 1958.

Murray W. Greif, Sonnenschein & Sherman, Block & Block, New York City, for plaintiffs. Robert B. Block, Irving Sonnenschein, New York City, of counsel.

Coudert Brothers, New York City, for defendants, Pantepec Oil Co., C. A. and John W. Buckley. Mahlon B. Doing, Joseph A. McManus, New York City, of counsel.

Sullivan & Cromwell, New York City, for defendant Phillips Petroleum Co. John F. Dooling, Jr., P. Griffith Garland, New York City, of counsel.

SUGARMAN, District Judge.

Defendants Pantepec Oil Company, C. A. and John W. Buckley move for an order dismissing the action for failure "to state a claim upon which relief can be granted in a class action in that the amended complaint does not set forth with particularity the efforts of the plaintiffs to secure from the shareholders such action as they desire, or the reasons for their failure to obtain such action, or the reasons for not making such effort, all as required by Rule 23(b) [28 U.S.C.A.]" and dismissing the action because under the Venezuelan law which controls the rights of the parties, plaintiffs have no claim against the defendants by reason of the matters related in the complaint.

Defendant Phillips Petroleum Company moves for the same relief on similar grounds[1] and alternatively asks for summary judgment against the plaintiffs.

Plaintiffs contend that, assuming arguendo the applicability of the law of Venezuela, under that law no demand upon directors and shareholders is required as a prerequisite to maintaining the action and they claim that Venezuelan law does give them the right to claim the relief here sought.

 Assuming, but without deciding that as movants contend, Venezuelan law governs here, the court need not take notice of what that law is but may require it to be proven as a fact.[2]

The affidavits of the legal experts submitted on the instant motions convince the court that proof of the applicable foreign law should be submitted on the trial.

Plaintiffs also contend that this court should not choose Venezuelan law in deciding the rights of the parties because, they claim, application of the "center of gravity" or "grouping of contacts" theory[3] to the facts of the instant litigation dictates a choice of New York law.

Resolution of the question whether "domestic" or "foreign" law will be applied in the trial of this action requires a study of the activities underlying the litigation so that the court can decide which place "has the most significant

1. Phillips' motion alleges that the complaint "does not set forth with particularity the efforts of the plaintiff to secure from the managing directors or trustees, and the absence under applicable Venezuelan law of any necessity or requirement that plaintiff secure from the shareholders, such action as plaintiff desires nor the reasons for their failure to obtain such action or the reasons for not making such effort." Phillips' memorandum, however, is restricted to the failure to explain plaintiffs' neglect to appeal to the shareholders for action.

2. Siegelman v. Cunard White Star, 2 Cir., 1955, 221 F.2d 189, 196; 6 Moore's Fed. Prac. (2nd ed.) para. 56.17[25].

3. Auten v. Auten, 308 N.Y. 155, 160, 124 N.E.2d 99, 101, 50 A.L.R.2d 246.

contacts with the matter in dispute."[4] The affidavits submitted on these motions are insufficient for that purpose.

The instant motions are not ripe for decision on the merits because of the existence of questions of fact.

■ However, the amended complaint in not setting forth *any* reason therefor fails to satisfy the mandate of F.R.Civ.P. 23(b) that "[t]he complaint shall also set forth with particularity the efforts of the plaintiff to secure * * * if necessary, from the shareholders such action as he desires, and the reasons for his failure to obtain such action or the reasons for not making such effort." In setting forth these reasons in their brief and motion papers plaintiffs do not comply with the rule.

Accordingly, the motions are granted unless within 30 days plaintiffs file an amended complaint in compliance with Rule 23(b).

It is so ordered.