## KAPP v. FRANK W. KERR & CO. et al.

### No. 3476.

District Court, E. D. Michigan, S. D.

Sept. 22, 1942.

Kerr, Lacey & Scroggie, of Detroit, Mich., for plaintiff.

Frederick J. Ward, Butzel, Eamon, Long, Gust & Bills, and Alexander, McCaslin &

510

Cholette, all of Detroit, Mich., for defendants.

LEDERLE, District Judge.

In accordance with an order entered herein and served upon counsel for all parties by mail, counsel appeared on this date for a conference to consider and determine matters within the purview of Rule 16, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and it appearing that this is an action claiming damages in excess of $3,000 for personal injuries to plaintiff resulting from an explosion of "Aqua Ammonia 28%", which the complaint alleges to have been manufactured and sold by the defendants "individually and jointly," listing nine specific charges of negligence to have been committed by the defendants, "individually and jointly"; and it further appearing from the complaint that plaintiff is a minor and that he and his guardian are citizens and residents of Michigan, that five of the defendants are citizens and residents of Michigan, and that the sixth defendant, E. I. Dupont de Nemours & Co., Inc., is a Delaware corporation; and it further appearing that this court is without jurisdiction over this controversy against allegedly joint tort-feasors for lack of diversity of citizenship between the parties hereto, under 28 U.S.C.A. § 41, as interpreted by the cases of Hancock v. Holbrook, 112 U.S. 229, 5 S.Ct. 115, 28 L.Ed. 714; Peninsular Iron Co. v. Stone, 121 U.S. 631, 7 S.Ct. 1010, 30 L.Ed. 1020; Devost v. Twin State Gas & Electric Co., 1 Cir., 250 F. 349; Olsen v. Jacklowitz, 2 Cir., 74 F.2d 718.

It is therefore ordered and adjudged that the above entitled cause be, and the same is, hereby dismissed and discontinued, without prejudice, for want of jurisdiction, as to all defendants with the exception of E. I. Dupont de Nemours & Co., Inc., as to which defendant plaintiff is granted leave to amend his complaint to allege a separable controversy, under authority of Rule 21 and Williams v. Great Southern Lumber Co., D.C., 13 F.2d 246; Great Southern Lumber Co. v. Williams, 5 Cir., 17 F.2d 468; Williams v. Great Southern Lumber Co., 277 U.S. 19, 48 S.Ct. 417, 72 L.Ed. 761.

It is further ordered that the controversy against Dupont Company be and it is hereby continued to November 2, 1942, on the Pre-Trial Call of this court, plaintiff being granted 20 days to amend his complaint and defendant Dupont Company having 20 days thereafter to answer.

It is further ordered that costs may be taxed against plaintiff by all defendants hereby dismissed, for which execution may issue.