**TRUNCALE v. UNIVERSAL PICTURES CO., Inc., et al.**

District Court, S. D. New York.
Feb. 24, 1948.

**466**

Millard & Greene, of New York City, for plaintiff.

H. G. Pickering (of Mudge, Stern, Williams & Tucker), of New York City (Wm. J. O'Connell, of counsel), for defendants.

Adolph Schimel, of New York City, for defendant Universal.

Milton Pollack, of New York City, for intervenor.

RIFKIND, District Judge.

This is a motion by defendants for summary judgment under Rule 56(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

### I.

The first cause of action is attacked on two grounds of which the first is that it is barred by a three-year statute of limitations. The first cause of action is a derivative stockholders' suit, brought on behalf of defendant Universal Pictures Inc., against some of its directors and officers. A condensed version of the allegations of the complaint and uncontradicted affidavits will be sufficient for purposes of this motion.

The defendants are holders of options to buy from Universal specified numbers of its shares (Voting Trust Certificates of stock, at $10 per share. These options are evidenced by warrant certificates which are exercisable at any time up to 1956. In order to secure a ruling and agreement from the Commissioner of Internal Revenue that, for tax purposes, the excess of the market price over the option price of the stock, at the time of the exercise of the options, would not constitute taxable income to the defendant directors, the latter caused the corporation to agree with the Commissioner that, in computing its own taxable income, it would not deduct such excess.[1] Closing

---

[1] The plaintiff alleges that according to the rule of Smith v. Commissioner, 1945, 324 U.S. 177, 65 S.Ct. 591, 89 L.Ed. 830, rehearing denied, 324 U.S. 695, 65 S.Ct. 891, 89 L.Ed. 1295, exercise of stock options granted as compensation results in taxable income to the option holder measured by the difference between option and market value at the time of exercise. It follows that if this amount is income to the option holder, it is derived from the corporation, which, in turn, may deduct this amount from its own income, as compensation paid an employee.

agreements to this effect were executed by the corporation and by the defendant directors and finally approved by the Acting Secretary of the Treasury on May 9, 1944,[2] at which time the market price of a share of stock was greatly in excess of $10. In accordance with the terms of the closing agreement, the defendant directors, in the computation of their personal income taxes, have not declared such excess of market price over warrant price of the stock as taxable income and have caused the corporation, in the computation of its taxes, to abstain from deducting these amounts from its income. By reason of these agreements and the action taken and to be taken in pursuance thereof, the corporation has suffered losses in that it has paid more taxes than it should have paid and the directors have enjoyed gains through diminution of their personal tax liabilities.

This action was brought to recover both the losses suffered by the corporation and the tax savings of the directors, insofar as these exceed the losses of the corporation.

In support of the motion, defendants argue that, under the allegations of the complaint, all that the corporation may recover is the loss it has sustained and that such a claim belongs to the category of injuries to property, governed by the three-year statute of limitations, N.Y. Civil Practice Act, § 49(7),[3] as explained by § 48(8).[4] The closing agreements having been made final on May 9, 1944, and this action having been commenced on June 3, 1947, it is the contention of defendants that the action is barred and that summary judgment should be granted.

Plaintiff contends that the benefits inuring to the directors which exceed the losses of the corporation constitute profits realized by them through a breach of fiduciary duty to the corporation and are recoverable in an action for an accounting for profits, governed by the six-year statute of limitations, § 48(8).

The recent history of the law of limitations in New York has squeezed the stockholder into an ever narrower time vise. At first all derivative stockholder suits were subject to a ten-year statute of limitations

---

[2] The authority under which a closing agreement is entered into stems from Section 3760 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 3760:

"Section 3760. Closing agreements

"(a) Authorization. The Commissioner (or any officer or employee of the Bureau of Internal Revenue, including the field service, authorized in writing by the Commissioner) is authorized to enter into an agreement in writing with any person relating to the liability of such person (or of the person or estate for whom he acts) in respect of any internal revenue tax for any taxable period.

"(b) Finality. If such agreement is approved by the Secretary, the Under Secretary, or an Assistant Secretary, within such time as may be stated in such agreement, or later agreed to, such agreement shall be final and conclusive, and, except upon a showing of fraud or malfeasance, or misrepresentation of a material fact—

"(1) The case shall not be reopened as to matters agreed upon or the agreement modified, by an officer, employee, or agent of the United States, and

"(2) In any suit, action, or proceeding, such agreement, or any determination, assessment, collection, payment, abatement, refund, or credit made in ac-

cordance therewith, shall not be annulled, modified, set aside, or disregarded."

[3] "Section 49. Actions to be commenced within three years.

"The following actions must be commenced within three years after the cause of action has accrued: * * *

"7. An action to recover damages for an injury to property, except in the case where a different period is expressly prescribed in this article."

[4] "Section 48. Actions to be commenced within six years.

"The following actions must be commenced within six years after the cause of action has accrued. * * *

"8. An action, legal or equitable, by or on behalf of a corporation against a director, officer or stockholder, or a former director, officer or stockholder, if such action is for an accounting, or to procure judgment on the ground of fraud, or to recover a penalty or forfeiture imposed or to enforce a liability created by common law or by statute unless such action is one to recover damages for waste or for an injury to property or for an accounting in connection therewith in which case such action shall be subject to the provisions of subdivision seven of section forty-nine."

applicable to all actions whose limitations were not otherwise specifically provided for N.Y.C.P.A. § 53. In 1937, Potter v. Walker, 276 N.Y. 15, 171 N.E.2d 335, held that the ten-year statute governed stockholders' derivative actions for the recovery of profits wrongfully received by directors but that where the action was based upon the negligence of directors who did not profit from their negligence, it was governed by the statute relating to injuries to property, then six years. Subsequently, Dunlop's Sons v. Spurr, 1941, 285 N.Y. 333, 34 N.E. 2d 344, construed Potter v. Walker to hold that in an action against directors to recover profits, the ten-year statute was not applicable where such profits did not exceed the losses caused the corporation by their wrong. In 1936, an amendment to the Civil Practice Act reduced the period of limitations on injuries to property to three years, L.1936, ch. 558, N.Y.C.P.A., § 49(7). Finally, § 48(8), effective in 1942, completely eliminated the ten-year statute as applied to stockholders' derivative suits. Such actions for waste or injury to property or accounting in connection therewith are now limited by a three-year period and other stockholder actions, legal or equitable, are governed by a six-year statute.

Thus, it seems that if, as a matter of substantive law, the corporation is entitled to recover from the directors the profits which accrued to them from the breach of their fiduciary duty to the corporation, and these profits exceed the losses sustained by the corporation, the action cannot be characterized as one for injury to property, but is one for an accounting and is governed by the six-year statute. The defendants contend that as a matter of law the corporation may not recover the profits; they find a generic difference and a legal insulation between the director's gain and the corporation's loss. The contention is that the corporation could never have enjoyed the tax gains of the directors, since they depended upon the personal incomes of each of the individual directors, factors entirely irrelevant to corporate affairs. Since the corporation could never have received the benefits which accrued to the directors, it is not in a position to demand that they account therefor. They claim that this case

is not analogous to one involving a corporate opportunity appropriated, or corporate funds diverted, or any other situation wherein the corporation could establish a right to the profits yielded by further exploitation.

The recovery demanded by the stockholders in this action stems from a unique fact situation. Accepting the allegations of the complaint, the corporation's most favorable tax arrangement would have been to deduct from its income the directors' profits on exercise of their options. Its waiver of the power so to do resulted in its liability to pay corporation taxes on income which included that amount. The waiver resulted also in tax savings to the directors, different in basis, computation and amount from the tax liability of the corporation.

The generalized question which is thus presented is: Are directors who are liable to a corporation for losses caused by a wrong inflicted by them upon the corporation, accountable for their profits, resulting from the wrong, which are in excess of the losses suffered by the corporation, when the corporation itself could not have earned those profits?

The general rule governing profits made by corporate directors is stated as follows in 3, Fletcher on Corporations, § 884:

"Directors and other officers of a private corporation cannot either directly or indirectly, in their dealings on behalf of the corporation with others, or in any other transaction in which they are under a duty to guard the interests of the corporation, make any profit for themselves, or acquire any other personal benefit or advantage, even though such officer or director may own practically all of the stock of the corporation, and if they do so, they may be compelled to account therefor to the corporation in an appropriate action."

The New York cases subsumed under the general rule which have come to my attention reveal fact situations which show a corporate opportunity appropriated or a diversion of corporate assets or profits growing out of an abuse of the fiduciary relationship depriving the corporation of the profit the corporation might have made had

the directors acted in the true interests of the corporation. See, e. g. Sialkot Importing Corporation v. Berlin, 1946, 295 N.Y. 482, 68 N.E.2d 501. The facts in the case at bar do not squarely fit into such a classification. But this may result merely from the unique character of the "profit" involved in this case.

Conversely, when it is found that the corporation could not exploit, or after exercise of proper business judgment should not have exploited, the situation from which directors derived a profit, an absence of duty to act for the corporation is indicated, and the directors are immunized from liability.[5] Blaustein v. Pan American Petroleum & Transport Co., 1944, 293 N.Y. 281, 56 N.E.2d 705; Hauben v. Morris, 1st Dept., 1938, 255 App.Div. 35, 5 N.Y.S.2d 721; affirmed, 1939, 281 N.Y. 652, 22 N.E.2d 482; Murray v. Vanderbilt, 1863, 39 Barb. (N.Y.) 140; Litwin v. Allen, Sup.Ct., N.Y., 1940, 25 N.Y.S.2d 667.

But these cases are not dispositive of our question. In these cases the directors are immune to *all* claims alleged against them, growing out of their conduct. The rationale is that the corporation has not been injured since it was not deprived of anything. Here, however, the corporation has been deprived of its freedom of action and has been damaged and for purposes of this motion it is conceded that there is a good cause of action (except for the statute of limitations) for recovery of the corporation's losses.

■ Since a new rule must be forged, I am of the view that the rule should give an affirmative answer to the question as framed. Such an answer is in line with the trend of law in New York to hold directors strictly to their fiduciary duties. By hypothesis, the profits would not have been earned were there no breach of duty. Accountability for such profits is a practical sanction for the proper discharge of directors' duties. Moreover, at least theoretically (whatever may be the practical

limitations in the instant case), where a corporation has the freedom to do an act or to refrain, the doing of the act, enabling others to derive benefits in excess of the losses suffered by the corporation, has a "sale" value of which the ceiling is the amount of such benefits; so that it may not be strictly true that the corporation could not have derived a benefit in excess of its losses.

At any rate, I cannot say, as I must if defendants' motion for summary judgment is to be granted, that the claim is without the "slightest doubt" barred by limitations;[6] that is sufficient to warrant a denial of the motion, insofar as it is based on that ground.

II.

Since in the course of this opinion I hold that Freiday's motion to intervene should be granted, I shall not spend too many words on the motion to dismiss as to Truncale on the ground of failure to comply with Rule 23(b), F.R.Civ.Proc., 28 U.S.C.A. following section 723c.

■ I am satisfied that the first cause of action accrued no later than May 9, 1944, when the Acting Secretary of the Treasury approved the closing agreements. No relevant corporate conduct subsequent to that date gave rise to new causes of action. Truncale did not own Universal stock on May 9, 1944.

Motion for summary judgment to dismiss the first cause of action as to Truncale is granted.

III.

Defendants seek summary judgment of dismissal of the second cause of action on the ground that it is barred by the two-year limitation of § 16(b) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78 p(b). The complaint alleges that Sculty, an officer of the corporation, acquired Universal stock on December 15, 1944, and sold stock at a profit in February, 1945; that the profits inured to and were recoverable by the corporation pursuant to § 16(b) of the Securities Exchange Act of 1934, provided de-

---

[5] An inroad on this rule was made in Equity Corporation v. Groves, 1945, 294 N.Y. 8, 60 N.E.2d 19, where recovery of a profit only remotely connected with the original breach of duty was disallowed.

[6] In light of the views herein expressed I find it unnecessary to decide whether, if the corporation's recovery were limited to the loss it incurred, this action would be one for waste or injury to property, governed by the three year statute.

mand therefor was made within two years from the date of the realization of the profits; that the directors of Universal, having full knowledge of this transaction, wilfully failed to demand such profits and conspired to allow the two-year statute of limitations embodied in § 16(b) to expire; and that such wilful failure constitutes waste. Recovery of damages for this injury, in the amount of Scully's profit, is demanded.

The corporation's right to recover profits made by corporate officers from short-term trading is not of common law origin but one created by statute. The statute prescribes its own limitations, both as to the corporation and as to stockholders.

"Suit to recover such profit may be instituted at law or in equity in any court of competent jurisdiction by the issuer, or by the owner of any security of the issuer in the name and in behalf of the issuer if the issuer shall fail or refuse to bring such suit within sixty days after request or shall fail diligently to prosecute the same thereafter; but no such suit shall be brought more than two years after the date such profit was realized." 15 U.S.C.A. § 78 p(b).

The plaintiff does not deny this, but contends that § 16(b) transforms a director's short-term profit into a corporate asset whose destruction by the directors, in their failure to sue, gives rise to a common law action for waste, separate and distinct from a statutory 16(b) action, and governed by the New York three-year statute of limitations, § 49(7) of the N.Y. Civil Practice Act. He points out, further, that the action is not against Scully, the profiting officer against whom 16(b) creates the corporate right, but against the directors, for a common-law wrong.

If there be such a right as the plaintiff asserts, it must be found in New York law by which the federal court is bound. Erie v. Tompkins, 1938, 304 U.S. 64, 58 S. Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

In Druckerman v. Harbord, Sup.Ct.N.Y., 1940, 31 N.Y.S.2d 867, 871, Justice Shientag said:

"Generally speaking, there is no independent liability, apart from that for the original wrong, for failure of the directors to bring suit on behalf of the corporation within the statutory period or to disclose the facts which might lead stockholders to institute such suit. Potter v. Walker, 276 N.Y. 15, 11 N.E.2d 335; Goldstein v. Tri-Continental Corporation, 282 N.Y. 21, 24 N.E.2d 728; Chance v. Guaranty Trust Co. of New York, 282 N.Y. 656, 26 N.E.2d 802.

Conduct which causes another to lose a cause of action by the operation of the statute of limitation may be actionable. So it is when the conduct amounts to fraud. Lifshutz v. Adams, 1941, 285 N.Y. 180, 33 N.E.2d 83; Brick v. Cohn-Hall Marx Co., 1937, 276 N.Y. 259, 11 N.E.2d 902, 114 A.L.R. 521; Alexander v. Anderson, Sup.Ct., N.Y., 1943, 48 N.Y.S.2d 102; affirmed 1st Dept., 1944, 267 App.Div. 984, 48 N.Y.S.2d 801; Miller v. National City Bank, S.D.N.Y., 1946, 69 F.Supp. 187; Desmaris v. People's Gas Light Co., 1919, 79 N.H. 195, 107 A. 491.

I am willing to assume, without deciding, that even negligent misrepresentation which proximately causes the destruction of a claim by lapse of time may support an action. Cf. Ultramares Corporation v. Touche, 1931, 255 N.Y. 170, 174 N.E. 441, 74 A.L.R. 1139.

The instant complaint, however, alleges no conduct on the part of defendants which in any way contributed to inaction of the stockholders in the enforcement of their stautory cause of action against the profiting officer. It is alleged that the directors allowed the corporation's claim to lapse. Even if the law generally were that stockholders could in a derivative suit successfully assert a claim against directors for so "wasting" a corporate asset, the argument could nonetheless be made that such would not be the case where the asset was a claim under § 16(b); that the stockholder's claim under § 16(b) is not, strictly speaking, derivative at all, but one possessing independent statutory origin. A fortiori such a claim cannot be asserted for the "waste" of a 16(b) claim when the general law is as stated in Druckerman v. Harbord, supra.

If the complaint alleged that the defendants had been guilty of deceit in inducing stockholders to stay their hand, or had practiced a fraud upon the stockholders

which lulled them into inaction, or, perhaps, had negligently made representations the proximate consequence of which was stockholder inaction, a very different question would be presented.

The motion for summary judgment dismissing the second cause of action is granted, with leave to amend.

### IV.

An application has been made by one Freiday for leave to intervene. Defendants oppose the application. They assert that since plaintiff Truncale is not entitled to institute this action, there is in fact no action pending in which intervention may be granted.

The history and purpose of the Federal Rules are antagonistic to any such technical limitations upon a course of action obviously designed to save time and money. A denial of Freiday's application and a dismissal of Truncale's complaint would not prejudice the institution of a new suit by Freiday. I see no reason for encouraging the delay and duplication a denial of the application would entail. Mullins v. DeSoto Securities Co., W.D.La., 1944, 3 F.R.D. 432; Malcolm v. Cities Service Co., D.Del., 1942, 2 F.R.D. 405. See Kapp v. Frank W. Kerr Co., E.D.Mich., 1942, 2 F.R.D. 509; Hastings v. Chrysler Corporation, E.D.N.Y. 1943, 3 F.R.D. 274.

It is alleged that Freiday has owned 100 shares of Universal stock since 1939. The acts complained of took place in 1944.

Motion for leave to intervene is granted.