Edward PIKOR and Stacia Pikor, as stockholders of Cinerama Productions Corp., suing on behalf of themselves and all other stockholders of said corporation, and for the benefit of and in the right of said corporation, Plaintiffs,

v.

CINERAMA PRODUCTIONS CORP., Stanley Warner Corp., Stanley Warner Cinerama Corporation, Cinerama, Inc., Milo J. Sutliff, Leonard E. Edelman, Theodore R. Kupferman, Irving N. Margolin, Charles B. Ripley, Joseph L. Skozen, Ira S. Stevens, S. H. Fabian, Nathaniel Lapkin, John Doe and Richard Roe, said John Doe and Richard Roe persons intended being officers, directors of defendant Cinerama, Inc., Defendants.

United States District Court
S. D. New York.
Feb. 3, 1960.

Alvin L. Korngold, Jamaica, N. Y., for plaintiffs.

Bergerman & Hourwich, New York City, Milton M. Bergerman, Joseph Calderon, New York City, Albert F. Reisman, of counsel, for defendants Cinerama Productions Corp., Milo J. Sutliff, Theodore R. Kupferman, Ira S. Stevens, Irving N. Margolin and Charles B. Ripley.

Schwartz & Frohlich, New York City, Myles J. Lane, Stuart G. Schwartz, New York City, of counsel, for defendants Stanley Warner Corp., Stanley Warner Cinerama Corp., Cinerama, Inc., S. H. Fabian and Nathaniel Lapkin.

DAWSON, District Judge.

This is a motion to dismiss the complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C.A., on the ground that the Court lacks jurisdiction over the subject matter of the action, in that plaintiffs lack capacity to sue, plus a motion to award summary judgment pursuant to Rule 56 on the grounds recited above, and on the further ground that plaintiffs do not have any claim upon which relief can be granted. There is also a cross-motion to permit John W. Pikor, Stella Pikor and Jerome Pikor to intervene as plaintiffs under Rule 24.

Plaintiffs Edward Pikor and Stacia Pikor commenced a derivative stockholders' suit against the corporate defendant Cinerama Productions Corporation (hereinafter called "Productions") and others, including the directors of the corporation, to enjoin the consummation of an agreement whereby certain assets of Productions were sold to Stanley Warner Cinerama Corporation for an alleged inadequate consideration in fraud of the corporation, to rescind prior stockholder approval of the sale, and, in the alternative, to recover damages from the defendants on behalf of the corporation.

The undisputed facts indicate that these plaintiffs made timely written objection to the proposed sale of the corporate assets to Stanley Warner Cinerama as provided for under § 20 of the New York Stock Corporation Law. Subsequent to the requisite stockholder approval of the sale, Productions immediately offered these plaintiffs, as dissenting shareholders, payment of $2.68 per share as the fair market value of their stock, pursuant to § 21 of the New York Stock Corporation Law. Plaintiffs rejected this offer and tendered their stock for notation of the demand of payment, again in conformity with § 21, and the said demand was duly noted on their stock certificates as provided for in the statute.

At this point all statutory requirements for appraisal of plaintiffs' shares as dissenting stockholders had been complied with; but these plaintiffs did not choose to be limited to their appraisal remedy and brought the present derivative suit on behalf of the corporation.

Defendants contend that these plaintiffs, having invoked the statutory appraisal procedure provided for by §§ 20 and 21, thereby lost their status as stockholders for the purpose of prosecuting the instant suit pursuant to the express provisions of subdivision 6 of § 21.[1]

The issue posed is whether or not plaintiffs Edward Pikor and Stacia Pikor, who invoked § 21 of the New York Stock Corporation Law to secure statutory appraisal of their shares as dissenting stockholders, thereby lost their status as stockholders for the purpose of bringing the instant derivative suit on behalf of the corporation.

The question of who has capacity to maintain a derivative suit is governed by state law. Rule 17(b) provides that the capacity of an individual "acting in a representative capacity to sue or be sued * * * shall be determined by the law of the state in which the district court

[1]. "Any stockholder demanding payment for his stock shall have no right to receive any dividends or distributions payable to holders of such stock of record after the close of business on the day next preceding the date of the stockholders' vote in favor of the action to which such objection was made, and upon such vote shall cease to have any other rights of a stockholder of the corporation with respect to such stock, except the right to receive payment for the value thereof as in this section provided; and no such demand may be withdrawn unless the corporation shall consent thereto * * *."

is held." Also see Bankers Nat. Corp. v. Barr, D.C.S.D.N.Y.1945, 7 F.R.D. 305.

Since the situs of incorporation of Productions, the corporation on whose behalf this derivative suit is instituted is that of New York, the law of New York is binding on the question presented.

Under well settled New York authorities it is a necessary condition to the maintenance of a derivative and representative stockholders' suit that the stockholder must be a stockholder "at the time the action is instituted." Miller v. Miller, 256 App.Div. 846, 9 N.Y.S.2d 448, 449, affirmed per curiam, 280 N.Y. 716, 21 N.E.2d 212. Also see § 61 of the New York General Corporation Law.

Having invoked the provisions of §§ 20 and 21 of the New York Stock Corporation Law, as previously indicated, subdivision 6 of § 21 is accordingly applicable to these plaintiffs. It appears that under the express terms of the statute Edward Pikor and Stacia Pikor ceased to be stockholders in Productions upon making demand for the payment of their shares. They thus would have no standing to prosecute this action against the corporation and the other defendants named in the complaint.

The law is clear that in situations not involving prior institution of a § 20 and § 21 appraisal proceeding, a derivative action must be dismissed as to the instigator of the action where he loses his status as a stockholder. This result followed when the plaintiff sold his shares during the pendency of the suit, Gleicher v. Times-Columbia Distributors, 1st Dep't 1954, 283 App.Div. 709, 128 N.Y.S.2d 55, and where the plaintiffs' shares were redeemed by the corporation during the pendency of the action, Hayman v. Morris, Sup.Ct.N.Y.Co.1943, 46 N.Y.S.2d 482. And the New York Court of Appeals has reaffirmed this basic principle in distinguishing the rule of automatic disqualification upon loss of stockholder status from a director's derivative action where the rule is otherwise.

" * * * In a very real sense, in modern theory, the standing of the shareholder is based on the fact that, when he sues derivatively, he is defending his own interests as well as those of the corporation. If he disposes of his shares after initiating the derivative action, he destroys the technical foundation of his right to continue to prosecute the suit." Tenney v. Rosenthal, 1959, 6 N.Y.2d 204, 211, 189 N.Y.S.2d 158, 163, 160 N.E.2d 463.

It seems clear from the express language of the statute and the authorities discussed that plaintiffs Edward Pikor and Stacia Pikor have no status to maintain their action on behalf of the corporation. So far as these plaintiffs are concerned, summary judgment pursuant to Rule 56 is granted holding that these plaintiffs lack capacity to sue on behalf of the corporation.

■ Does this mean, however, that the cross-motion of John W. Pikor, Stella Pikor and Jerome Pikor to intervene should not be granted so that the action may be continued by these intervening stockholders?

At the outset, it should be noted that the question of lack of capacity to sue is inapplicable to the intervening plaintiffs. Defendants concede that these individuals made no demand for appraisal as dissenting shareholders pursuant to § 20 so as to invoke the pertinent provisions of subdivision 6 of § 21, on which they rely to dismiss the complaint as to the original parties. Therefore, the applicants for intervention are under no disability to sue on behalf of the corporation so as to preclude intervention on that ground.

The Court obviously has jurisdiction over the subject matter of the action and the fact that it is dismissed as to those stockholders who first brought the motion because they have lost their status as stockholders, does not impair the right of the corporation, or others whose status

as stockholders has not been terminated, to prosecute the action on its behalf.

In Kantor v. Stendig, 190 Misc. 861, 76 N.Y.S.2d 284, 286 (Sup.Ct. Special Term N.Y.Co.1947) the court held that a motion to dismiss a derivative suit on the ground that plaintiffs had lost their status as stockholders by reason of the redemption of their preferred shares, must be denied since the cause of action inures to the corporation and is not extinguished by the loss of status of the instigating shareholder.

"The real plaintiff is the corporation; the cause of action is that of the corporation, which it is prosecuting for its benefit. The extinction of the status of plaintiffs as preferred stockholders, in no way impaired or affected the corporation's cause of action or its right to continue and prosecute the action. In legal effect, it is as if the preferred stockholders had never appeared or instituted the action but as if the corporation alone was the plaintiff and alone had brought the suit. Hence, I see no merit to the motion."

The precise question before the Court, namely, whether permissive intervention will be granted where the original plaintiffs are deemed not entitled to institute the suit, was dealt with by Judge Rifkind in Truncale v. Universal Pictures Co., D.C.S.D.N.Y.1948, 76 F.Supp. 465. In that case summary judgment dismissing the complaint had been granted against the original plaintiff on the ground that he was not a stockholder at the time of the transaction of which he sought to complain on behalf of the corporation. Intervention on behalf of a stockholder who did not suffer under that disability was sought, and opposed on the very ground on which defendants rely here. The court rejected defendants' contention with the following pertinent observations:

"An application has been made by one Freiday for leave to intervene. Defendants oppose the application. They assert that since plaintiff Truncale is not entitled to institute this action, there is in fact no action pending in which intervention may be granted.

"The history and purpose of the Federal Rules are antagonistic to any such technical limitations upon a course of action obviously designed to save time and money. A denial of Freiday's application and a dismissal of Truncale's complaint would not prejudice the institution of a new suit by Freiday. I see no reason for encouraging the delay and duplication a denial of the application would entail. Mullins v. DeSoto Securities Co., D.C.W.D.La.1944, 3 F.R.D. 432; Malcolm v. Cities Service Co., D.C.D.Del.1942, 2 F.R.D. 405. See Kapp v. Frank W. Kerr & Co., D.C.E.D.Mich.1942, 2 F.R.D. 509; Hastings v. Chrysler Corporation, D.C.E.D.N.Y.1943, 3 F.R.D. 274." 76 F.Supp. at page 471.

The Court finds the reasoning of the Truncale decision persuasive and dispositive of the instant motion to intervene.

■ The Court finds no substantive reason why the petition for intervention should not be granted. However, the Court must consider whether the motion for intervention complies with the procedural requirements of the rules. Rule 24(c), governing intervention, says in part:

"* * * The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought * * *."

The motion is not accompanied by a pleading on behalf of the intervenors. They simply say in affidavits that they wish to set forth the claim of the original complaint. This is not sufficient compliance with the rule. See Hausman v. Bailey, D.C.S.D.N.Y.1958; 22 F.R.D. 304.

Nor is this merely a technical lack of compliance with the rules. Rule 23(b) indicates what a complaint must contain where the action is one to enforce a derivative right. This rule requires that the *complaint* be *verified* by oath. It requires that the complaint shall specifically aver "that the plaintiff was a shareholder at the time of the transaction of which he complains or that his share thereafter devolved on him by operation of law," and "that the action is not a collusive one to confer on a court of the United States jurisdiction of any action of which it would not otherwise have jurisdiction." It provides also that "the complaint shall also set forth with particularity the efforts of the plaintiff to secure from the managing directors or trustees and, if necessary, from the shareholders such action as he desires, and the reasons for his failure to obtain such action or the reasons for not making such effort." If the proposed intervenors are to become plaintiffs in this action there should be a verified complaint by them setting forth these allegations with respect to *them*. They cannot expect that a complaint verified by somebody else establishes their capacity to sue under Rule 23.

There is submitted no proposed supplemental pleading setting forth that the intervenors were in fact stockholders at the time of the transaction of which they complain, nor any allegation that the action is not a collusive one to confer jurisdiction on a United States Court, nor have they set forth in any pleading the efforts *they* have made to secure action from the directors and, if necessary, from the shareholders. Under the circumstances the motion for intervention is defective. The motion for leave to intervene is denied without prejudice to its renewal upon proper papers. The motion for summary judgment determining that the present plaintiffs have no capacity to bring the suit is granted. So ordered.