Ina Frankel ABRAMSON, Irving Hellman and Beatrice Hellman, Plaintiffs-Appellees,

v.

PENNWOOD INVESTMENT CORP. et al., Defendants-Appellees, and Edward Nathan, Intervenor-Appellant.

No. 277, Docket 31905.

United States Court of Appeals Second Circuit.

Argued Jan. 16, 1968.

Decided April 9, 1968.

Donald N. Ruby, New York City (Wolf, Popper, Ross, Wolf & Jones, New York City, on the brief), for plaintiffs-appellees.

Leon Gold, New York City (Shea, Gallop, Climenko & Gould, Bruce A. Hecker, New York City, on the brief), for defendants-appellees.

Edward Nathan, New York City (Herbert Ascher, Jr., New York City, on the brief), for intervenor-appellant.

Before LUMBARD, Chief Judge, and WATERMAN and FEINBERG, Circuit Judges.

LUMBARD, Chief Judge:

Edward Nathan appeals from an order of the Eastern District of New York, wherein Judge Mishler denied with prejudice his motion for leave to intervene as a plaintiff in this stockholder's derivative action. We affirm the order. The motion was not accompanied by a pleading as required by Rule 24(c) of the Federal Rules of Civil Procedure. Furthermore, the objections which appellant seeks to raise in the present action had been litigated by appellant in a related proceeding in state court, and appellant is bound by the state court's adverse determination on that issue.

In December 1966 plaintiffs, shareholders of B. T. Babbitt, Inc., brought a stockholder's derivative action in the Eastern District, alleging that the defendants, by transferring controlling shares in Babbitt and by causing Babbitt to purchase shares in another corporation, had defrauded Babbitt. Count I of the complaint alleged that the defendants' actions constituted a violation of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 promulgated thereunder. Count II alleged a breach of fiduciary duty under the law of New York, jurisdiction being based on the doctrine of pendant jurisdiction.

In January 1967 the same plaintiffs commenced a derivative action in the state Supreme Court against the same defendants for breach of fiduciary duty. The action was based on the same transactions involved in the federal suit and the allegations were virtually identical to those in Count II of the federal complaint. Following certain pretrial examinations, the parties negotiated a settlement of the state proceeding. The stipulation of settlement provided for the cancellation of $500,000 worth of notes given by Babbitt to one of the defendants. It also provided that Babbitt was to release defendants from all claims embraced in the state pleadings or in any manner related to the transactions referred to in those pleadings and that, if the stipulation of settlement were approved by the state court, the plaintiffs would join in a motion to dismiss the pending federal action.

The stipulation of settlement was submitted to the Supreme Court, New York County, and the court appointed a referee to inquire into the fairness of the settlement. After a hearing, the referee recommended approval of the settlement. The court directed that notice of the settlement be given to all Babbitt stockholders. On June 19, 1967, the court held a hearing on the proposed settlement; appellant filed an affidavit charging that the settlement was not fair or adequate and he and two other stockholders appeared to object to the settlement.

On June 30, the court entered judgment ordering "that the settlement, pursuant to the stipulation dated April 3, 1967, is in all respects fair and reasonable and in the best interests of B. T. Babbitt, Inc., and its stockholders, and said settlement is in all respects affirmed" and dismissing the complaint on the merits with prejudice against B. T. Babbitt, Inc., its successors and assigns and its stockholders.

Appellant and the two other objecting stockholders appealed to the Appellate Division, First Department, which unanimously affirmed the judgment on December 19, 1967. Abramson v. Eugene Kardon Enterprises, Inc., 286 N.Y.S.2d 455.

On June 26, 1967—after the hearing in Supreme Court but before entry of the judgment approving the settlement—appellant moved to intervene in the present federal action. The motion stated that the settlement in the state court action was inadequate and that intervention was necessary to protect the interests of Babbitt and its stockholders by preventing the dismissal of the federal action pursuant to that settlement. It also stated that appellant was a stockholder at the time of the transactions complained of and that he wished to intervene as a plaintiff "in order to assert the claims set forth in the complaint filed in this matter, copy of which is attached herein."

Judge Mishler denied the motion, finding that appellant's failure to file a pleading along with his motion papers, as required by Rule 24(c), was fatal to his application. Instead of granting leave to renew the motion upon proper papers, Judge Mishler denied the motion with prejudice, since he concluded that the state court judgment constituted an absolute bar to intervention under Rule 24.[1]

We agree with Judge Mishler that appellant's reference in his motion papers to the allegations of the original complaint was insufficient to comply with the requirement of Rule 24(c). In Pikor v. Cinerama Productions Corp., 25 F.R.D. 92 (S.D.N.Y.1960), the court similarly held that the intervenors' affidavits stating that they wished to adopt the original complaint were insufficient to meet this requirement, finding that this was not merely a technical lack of compliance with the rules. Rule 23(b) requires that the complaint in a stockholder's derivative action must be verified by oath and must specifically aver that the plaintiff was a shareholder at the time of the transactions complained of and that the action is not a collusive one to confer jurisdiction on the federal court; it also requires that the complaint set forth with particularity the plaintiff's efforts to secure action by the directors and shareholders or the reasons for not making such effort. As the court in *Pikor* stated, "If the proposed intervenors are to become plaintiffs in this action there should be a verified

1. The motion stated that leave to intervene was sought under Rules 23 and 24 of the Federal Rules of Civil Procedure. At oral argument of the motion, appellant addressed the motion to the discretion of the court. Appellees therefore argue that the motion must be regarded as made only under the Rule 24(b) provision for permissive intervention and not under the provision of Rule 24(a) for intervention of right. However, in his supplemental memorandum in the court below, appellant claimed that he also qualified for intervention as of right under Rule 24(a), and it appears that the district judge considered the motion under both provisions. Our reasons for finding the denial of the motion proper are equally applicable under either provision.

complaint by them setting forth these allegations with respect to *them*. They cannot expect that a complaint verified by someone else establishes their capacity to sue under Rule 23." 25 F.R.D. at 96. Clearly, the unsworn statement in appellant's motion papers that he was a stockholder at the time of the transaction is insufficient to meet the requirement of Rule 23(b).

We then reach the question whether it was proper to deny the motion with prejudice. We think that it was since, in light of the settlement and judgment in the state court action, intervention by the appellant would be futile.

■■ We do not hold that the dismissal of the state claim would be a complete bar to the federal action on the ground of *res judicata*. The complaint in the federal action alleges violations of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5. This is a different cause of action from a claim for breach of fiduciary duty, and is one which is cognizable only in federal courts. Therefore, the dismissal of the state court action cannot bar the claim in Count I of the federal complaint. Of course, where both the state and federal suits are based on the same transactions, collateral estoppel would apply with regard to the facts determined in the state action. However, on the record before us, we cannot determine what facts were found in the state proceeding and whether those findings would be sufficient to preclude the maintenance of the federal action, as the court did in Boothe v. Baker Industries, Inc., 262 F.Supp. 168 (D. Del.1966).

Although the federal action would not be barred by the dismissal of the state action, Babbitt could agree, as part of a settlement agreement or otherwise, to release the federal claim. The stipulation of settlement in the state action provided that Babbitt would execute in favor of each of the defendants a general release as to "every matter, claim or cause of action, without limitation, mentioned or alleged or embraced in the pleadings in [the state action] * * * and any and every matter, claim or cause of action, without limitation, arising out of, related to, in connection with, or with respect to any matters or transactions referred to in said pleadings." The terms of the stipulation make it clear that this release included the federal claims pending in the present case.

■ Although the state court could not adjudicate the federal claim, it was within its powers over the corporation and the parties to approve the release of that claim as a condition of settlement of the state action. This the state court did, finding that the settlement agreement was fair and reasonable.

Appellant's present claim is that he should be permitted to intervene and prevent dismissal of the federal action because the settlement agreement was not fair or adequate. Appellant made this same objection to the settlement, unsuccessfully, in the state proceedings, both at the hearing in Supreme Court and on appeal to the Appellate Division. Appellant does not present any reason to doubt that the state court adjudication on this issue was conducted in a fair and impartial manner. Having had his day in court on this question, appellant should not now be permitted to relitigate the issue in federal court.

■ We hold that the state court determination that the settlement was fair and reasonable is binding on appellant. See Stella v. Kaiser, 218 F.2d 64 (2d Cir. 1954), cert. denied, 350 U.S. 835, 76 S.Ct. 71, 100 L.Ed. 745 (1955). Since appellant is thereby precluded from contesting the fairness of the settlement and since this is the only issue which he presented as the basis for intervention, it was proper to deny with prejudice the motion to intervene.

Of course, since the federal action is a shareholder's derivative suit, the parties must obtain the approval of the district court before the federal suit may be dismissed.

The order appealed from is affirmed.