**CERAMICA REGIOMONTANA, S.A. and Industrias Intercontinental, S.A., Plaintiffs,**

**v.**

**UNITED STATES, et al., Defendants,**

**Internacional De Ceramica, S.A., Applicant for Intervention,**

**Tile Council of America, Applicant for Intervention.**

**Court No. 84–3–00387.**

United States Court of International Trade.

June 29, 1984.

Stein, Shostak, Shostak & O'Hara, Washington, D.C. (Irwin P. Altschuler and David R. Amerine), Washington, D.C., for plaintiffs.

Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director Commercial Litigation Branch, Washington, D.C. (A. David Lafer), Washington, D.C., for defendants.

Wald, Harkrader & Ross, Washington, D.C. (Noel Hemmendinger, Walter J. Spak, and Jeffrey W. Carr, Washington, D.C.), for proposed intervenor.

Howrey & Simon, Washington, D.C. (David C. Murchinson, John F. Bruce, Kevin P. O'Rourke and Doris E. Long, Washington, D.C.), for proposed intervenor.

*Memorandum Opinion and Order*

RE, Chief Judge:

Plaintiffs, Ceramica Regiomontana and Industrias Intercontinental, challenge the final affirmative determination of a section 751 administrative review by the Department of Commerce's International Trade Administration (ITA) of its original countervailing duty order. The administrative review was conducted pursuant to section 751 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1675 (1982), and pertained to ceramic tile imported from Mexico. 49 Fed.Reg. 9,919 (1984).

Pursuant to 28 U.S.C. § 2631(j)(1)(B) (1982) and Rule 24(a)(1) of the Rules of this Court, Internacional De Ceramica (Interceramica) and the Tile Council of America (TCA) move to intervene in this action as a matter of right. In addition, under Rule 15, Interceramica moves for leave to amend its "complaint." Actually, Interceramica moves to amend its statement of claim, which accompanied its motion for intervention. Interceramica has also filed a consent motion for a preliminary injunction, to enjoin, during the pendency of this action, the liquidation of all entries of ceramic tile which it manufactures and exports from Mexico, which are covered by the countervailing duty order, and are the subject of this action. TCA opposes Interceramica's request for a preliminary injunction.

The following questions are presented:

1. whether Interceramica and TCA may intervene as a matter of right;
2. whether Interceramica may amend its "complaint"; and
3. whether Interceramica is entitled to preliminary injunctive relief.

For the reasons that follow, the motions by Interceramica and TCA to intervene as a matter of right are granted. The court also grants Interceramica's motions to amend its complaint, and for preliminary injunctive relief.

### Intervention

Intervention as a matter of right is governed by 28 U.S.C. § 2631(j)(1)(B) and Rule 24(a)(1) of the Rules of this Court. Rule 24(a)(1) permits intervention upon timely application if a federal statute provides the applicant with an unconditional right to intervene. Title 28 U.S.C. § 2631(j)(1)(B), referred to in Rule 24(a)(1), provides that:

in a civil action under section 516A of the Tariff Act of 1930, only an interested party who was a party to the proceeding with which the matter arose may intervene, and such person may intervene as a matter of right.

*Id.*

In order to intervene, Interceramica and TCA must establish that they are interested parties who were parties to the countervailing duty proceeding pertaining to ceramic tile from Mexico. Interested parties, by the express provisions of section 771(9) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1677(9) (1982), include:

(A) a foreign manufacturer, producer, or exporter ... of merchandise which is the subject of an investigation under this title ..., and ...

(E) a trade or business association a majority of whose members manufacture, produce, or wholesale a like product in the United States.

*Id.*

■ A review of the applications for intervention, and the administrative record, shows clearly that Interceramica is a foreign manufacturer and exporter of ceramic tile from Mexico, and that it participated in the periodic review which serves as the basis of this action. It is also clear that TCA is a trade association which represents American ceramic tile manufacturers, and that it filed the original countervailing duty petition pertaining to ceramic tile imported from Mexico. TCA also participated in the section 751 review proceeding which is the subject of plaintiffs' action. Consequently, it is the determination of the court that both Interceramica and TCA are interested parties within the definition of section 771(9). Hence, they are entitled to

intervene in this action under section 2631(j)(1)(B) and Rule 24(a)(1).

### Pleading Requirement

Rule 24(c) of the Rules of this Court requires that a "pleading" accompany a motion to intervene. TCA argues that the statement of claim, which accompanied Interceramica's request for intervention, is not the equivalent of a complaint. Hence, TCA asserts that Interceramica has failed to comply strictly with the pleading requirement of Rule 24(c). The court, therefore, is urged to deny Interceramica's motion to intervene as a matter of right.

The operative language of Rule 24(c), is identical to that of Rule 24(c) of the Federal Rules of Civil Procedure. Rule 24(c), in pertinent part, provides that a motion to intervene "shall state the grounds therefor and shall be accompanied by a *pleading* setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute of the United States gives a right to intervene." *Id.* (emphasis added).

A review of the cases which have interpreted the pleading requirement of Fed.R. Civ.P. 24(c) reveals a split of authority. Some courts have adopted a strict view, and hold that a motion to intervene is properly denied when not accompanied by a pleading. *See Hirshorn v. Mine Safety Appliances Co.*, 186 F.2d 1023 (3d Cir.1951) (*per curiam*); *Miami County Nat'l Bank v. Bancroft*, 121 F.2d 921, 926 (10th Cir. 1941); *Bachrach v. General Inv. Corp.*, 29 F.Supp. 966, 968 (S.D.N.Y.1939). According to this strict approach, the accompanying pleading must conform with Fed.R. Civ.P. 7(a) so that the parties to the action may understand the intervenor's claims or defenses. *See Sanders v. John Nuveen & Co.*, 463 F.2d 1075, 1082 (7th Cir.), *cert. denied*, 409 U.S. 1009, 93 S.Ct. 443, 34 L.Ed.2d 302 (1972). Hence, under a strict approach, the lack of an accompanying pleading is not cured by the submission of a motion to dismiss, by an assertion in the intervenor's motion that his claim is the

same as that of plaintiff, or by an affidavit which states that the intervenor is adopting plaintiff's complaint. *See Gabauer v. Woodcock*, 425 F.Supp. 1, 3 (E.D.Mo.1976), *aff'd in part and rev'd in part on other grounds*, 594 F.2d 662 (8th Cir.), *cert. denied*, 444 U.S. 841, 100 S.Ct. 80, 62 L.Ed.2d 52 (1979); *Abramson v. Penwood Inv. Corp.*, 392 F.2d 759, 761 (2d Cir.1968); *Pikor v. Cinerama Prods. Corp.*, 25 F.R.D. 92, 95 (S.D.N.Y.1960).

A more liberal approach, however, provides that if the alleged defect in the pleading is adequately cured without prejudice to the party opposing intervention, non-compliance with the strict requirements of Fed.R.Civ.P. 24(c) will not bar intervention. *Spring Constr. Co. v. Harris*, 614 F.2d 374, 377 (4th Cir.1980); *Belgian Am. Mercantile Corp. v. DeGroeve-Marcotte & Fils*, 433 F.Supp. 1098, 1101 (S.D.N.Y. 1977); *McCausland v. Shareholders Management Co.*, 52 F.R.D. 521, 524 (S.D.N.Y. 1971). This approach manifests a sound philosophy of procedure and pleadings. As stated in *Berkey Technical Corp. v. United States*, 380 F.Supp. 786, 71 Cust.Ct. 275 (1973),

It is well to remember that procedure "exists only for the sake of 'substantive' law." In broad terms, pleadings are designed to inform the court of the question before it for decision. They are the written statements made by the parties of their respective grounds of action or defense. The object is to ascertain what are the matters in controversy, and to keep the inquiry within reasonable bounds.

*Id.* at 276 (*citing* Holland, *Jurisprudence* 355 (12th ed. 1917) and Pollock, *Jurisprudence* 79–80 (1929)).

In *Spring Construction*, the question presented was whether Lawyer's Title Insurance Company could intervene in a contract action between Spring Construction Company and the Department of Housing and Urban Development. The title company, although it filed a petition and affidavit which were sufficient to apprise Spring of its claims, failed to comply strictly with the requirements of Rule 24(c) of the Federal Rules of Civil Procedure. Stating that "the proper approach is to disregard non-prejudicial technical defects," the court granted intervention since Spring was not prejudiced by the title company's failure to file a complaint together with its motion to intervene. *Spring Constr.*, 614 F.2d at 377. In *Spring Construction*, the court found that the parties would not have been prejudiced by permitting the proposed intervenor to amend its complaint shortly after filing its motion for intervention. *Id.* at 377.

■ As in *Spring Construction*, under the circumstances presented, the Court sees no reason to adopt a strict construction of the pleading requirement of this Court's Rule 24(c). Interceramica has endeavored to cure any perceived defect in its pleading, technical or otherwise, by filing a motion for leave to amend its "complaint." The court finds that neither defendant nor TCA would be prejudiced by the granting of Interceramica's motion. Accordingly, the court grants Interceramica's motion to amend its complaint.

### Preliminary Injunction

In order to preserve the *status quo*, the court is authorized to grant injunctive relief suspending liquidation of entries of Mexican ceramic tile pending the outcome of this litigation. Tariff Act of 1930, § 516A(c), as amended, 19 U.S.C. § 1516a(c) (1982), and 28 U.S.C. § 2643(c) (1982). Upon a request for preliminary injunctive relief, it is well established that the court must consider the following four elements or factors:

(1) a threat of immediate irreparable harm;

(2) that the public interest would be better served by issuing than by denying the injunction;

(3) a likelihood of success on the merits; and

(4) that the balance of hardship on the parties favors the moving party.

*S.J. Stile Assocs. Ltd. v. Snyder,* 68 CCPA 27, 30, 646 F.2d 522, 525 (1981). *See also* Restatement (Second) of Torts § 936(2).

Recently, however, this Court, as well as other federal courts, has adopted a flexible approach which emphasizes a "balance of the hardships," which does not require the moving party to sustain a high burden of proof as to each of the four factors enumerated. *See American Air Parcel Forwarding Co. v. United States,* 1 C.I.T. 293, 298, 515 F.Supp. 47, 52 (1981); *Associated Dry Goods Corp. v. United States,* 1 C.I.T. 306, 309, 515 F.Supp. 775, 778 (1981); *PPG Indus., Inc. v. United States,* 2 C.I.T. 11, 13 (1981); *Tropicana Prods., Inc. v. United States,* 3 C.I.T. 171, 174, *modified,* 3 C.I.T. 240 (1982). After reviewing the development of the "balance of the hardships" test, the court in *American Air Parcel* concluded that:

> While considering the public interest in all cases, the critical factors are the probability of the irreparable injury to the movant should the equitable relief be withheld, and the likelihood of harm to the opposing party if the court were to grant the interlocutory injunction. Although the extraordinary remedy of a preliminary injunction is not available unless the moving party's burden of persuasion is met as to all four factors, the showing of likelihood of success on the merits is in inverse proportion to the severity of the injury the moving party will sustain without injunctive relief, *i.e.,* the greater the hardship the lesser the showing.

1 C.I.T. at 299–300.

TCA opposes Interceramica's motion for preliminary injunctive relief on two grounds: (1) that the court lacks jurisdiction to grant Interceramica's requested relief; and (2) assuming the existence of jurisdiction, Interceramica has failed to demonstrate that the equities in this action favor the granting of an injunction.

In support of its first ground, TCA argues that Interceramica has not satisfied the jurisdictional predicate for challenging the final determination of a section 751 periodic review. Specifically, TCA contends that Interceramica is required by statute to file a summons in order to obtain the judicial review that it seeks. *See* 28 U.S.C. § 2632(c) (1982); Tariff Act of 1930, § 516A(a)(2)(A), as amended, 19 U.S.C. § 1516a(a)(2)(A) (1982). TCA maintains that, to date, Interceramica has not filed with the court a timely summons. Moreover, TCA claims that the only summons in this action was filed by the plaintiffs, and that Interceramica cannot invoke jurisdiction by relying upon plaintiffs' summons. Therefore, TCA argues that until the jurisdictional defect is cured, which it states cannot occur because the time for filing a summons has run, the court cannot grant Interceramica's request for relief.

Congress, in enacting the Trade Agreements Act of 1979 and the Customs Courts Act of 1980, provided interested parties, who participated in the administrative proceeding below, with two separate and distinct rights to challenge the results of that proceeding. First, an aggrieved interested party may file a summons with this Court thereby commencing its own independent action pursuant to 19 U.S.C. § 516A(a) and 28 U.S.C. § 1581(c). Second, an aggrieved interested party may await the institution of a lawsuit by another interested party, and then seek to intervene as a matter of right under 28 U.S.C. § 2631(j)(1)(B) and Rule 24(a)(1). This is precisely what Interceramica has done in this case.

It is clear that both methods of proceeding are permissible, and that they are not mutually exclusive. Thus, the institution of an action does not preclude intervention in a second suit arising out of the same administrative proceeding. Similarly, intervention in a pending action does not bar a subsequent suit by that party. The legislative history which accompanies both the Trade Agreements Act of 1979 and the Customs Courts Act of 1980 indicates nothing to the contrary. It would seem clear, therefore, that an aggrieved interested party may proceed by either of the two methods permitted by law. *See, e.g., Silver Reed America, Inc. v. United States,* 7

C.I.T. ——, 581 F.Supp. 1290 (1984) *appeal docketed,* No. 84–1118 (Fed.Cir. April 26, 1984); and *Brother Indus., Ltd. v. United States,* 3 C.I.T. 125, 540 F.Supp. 1341 (1982), *aff'd sub nom. Smith Corona Group, Consumer Products Division, SCM Corp. v. United States,* 713 F.2d 1568 (Fed.Cir.1983).

TCA's opposition on jurisdictional grounds, therefore, is no more than a veiled attack on Interceramica's motion to intervene as a matter of right. In this action, Interceramica has chosen to proceed by intervention. In view of the clear Congressional intent, this Court cannot mandate that an aggrieved interested party must institute its own action rather than seek to intervene. Furthermore, TCA's rationale is contrary to judicial economy and fosters unnecessary litigation.

The court has carefully reviewed Interceramica's moving papers, and TCA's opposition, to consider whether the relevant factors and the balance of hardships favor Interceramica's request for preliminary injunctive relief. As to the probability of irreparable injury, since imported merchandise is susceptible to liquidation prior to court review of a section 751 determination, and since there is no statutory authority for reliquidation if a party were to succeed in its challenge of the determination, it has been held that liquidation of entries may constitute irreparable injury. *Zenith Radio Corp. v. United States,* 710 F.2d 806, 810 (Fed.Cir.1983); *Timken Co. v. United States,* 6 C.I.T. ——, 569 F.Supp. 65 at 69 (1983); *Silver Reed America, Inc. v. United States,* —— Ct.Int'l Trade ——, No. 80–6–00934, slip op. at 12 (June 21, 1984). Since the entries will be liquidated prior to the court's review of the section 751 determination by ITA, the absence of a preliminary injunction will moot the controversy. It will also deprive Interceramica of its right to have rectified the errors allegedly made in the section 751 review. *American Spring Wire,* 7 C.I.T. ——, 578 F.Supp. 1405 at 1407 (1984). Hence, to deny the preliminary injunction would render Interceramica's right to intervene a nullity. In light of the wording of both the

Trade Agreements Act of 1979 and the Customs Courts Act of 1980, Congress could not have intended such a result.

On the likelihood of success on the merits, Interceramica has raised the same serious questions posed by plaintiffs as to the methodology and findings of the ITA in its section 751 review of ceramic tile imported from Mexico. Moreover, there are significant questions of law which will seriously affect the ultimate outcome of this case. Therefore, the court has concluded that these questions "are sufficient to be considered 'fair ground for litigation and thus for more deliberative investigation.'" *American Air Parcel,* 1 C.I.T. at 301 (quoting *Hamilton Watch Co. v. Benrus Watch Co.,* 206 F.2d 738, 740 (2d Cir.1953)).

On balance, the court has concluded that the equities favor the issuance of a preliminary injunction suspending liquidation of Interceramica's entries of ceramic tile from Mexico. Nevertheless, before granting the injunction, the court must also consider the public interest, as well as the potential harm to the defendant, and, in this case, defendant-intervenor, TCA. Since the *status quo* will be maintained by Interceramica continuing to deposit estimated countervailing duties and keeping suspension of all liquidations in effect, no cognizable harm will be suffered by defendant or TCA by the issuance of the requested injunction. *See* 47 Fed.Reg. 20,012 (1982).

As for the public interest, there can be no doubt that it is best served by ensuring that the ITA complies with the law, and interprets and applies our international trade statutes uniformly and fairly. Under the law, Interceramica, as an interested party, has a right to participate in the judicial review process to challenge any perceived errors in the ITA's administration of those laws. To deny the preliminary injunction would foreclose Interceramica from exercising that legal right.

Accordingly, it is hereby **ORDERED** that:

1. Interceramica's motion to intervene as a matter of right is granted;

2. TCA's motion to intervene as a matter of right is granted;

3. Interceramica's motion to amend its complaint is granted; and

4. Interceramica's motion for preliminary injunction is granted; and it is further

**ORDERED** that during the pendency of this litigation, the defendants, together with their delegates and all other officers, agents, servants, and employees of the United States Customs Service, shall be and are enjoined from the liquidation of any entries or withdrawals from warehouse for consumption of ceramic tile manufactured by Internacional De Ceramica, S.A., and exported from Mexico, which are subject to the Final Determination of Administrative Review of Countervailing Duty Order, Ceramic Tile from Mexico, issued by the Commerce Department and published in the Federal Register on March 16, 1984 (49 Fed.Reg. 9,919), and it is further

**ORDERED** that defendants shall instruct the appropriate officers of the United States Customs Service to withhold liquidation, during the pendency of this litigation, of all entries or withdrawals from warehouse for consumption of ceramic tile manufactured by Internacional De Ceramica, S.A., and exported from Mexico, which are subject to the Final Determination of Administrative Review of Countervailing Duty Order, Ceramic Tile from Mexico, March 16, 1984 (49 Fed.Reg. 9,919), and it is further

**ORDERED** that this order shall become effective ten days after entry of this order by the Clerk, and it is further

**ORDERED** that copies of this order shall be served upon Mr. Frank Brennan, Duty Assessment Division, United States Customs Service, and Mr. Leonard Shambon, Office of Compliance, International Trade Administration, United States Department of Commerce, immediately upon entry of this order by the Clerk of the Court.