*Kumaran v. ADM Inv. Servs., Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of June, two thousand twenty-five.

Present:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge*,
> JON O. NEWMAN,
> RICHARD J. SULLIVAN,
> > *Circuit Judges*.

_____

SAMANTHA SIVA KUMARAN, NEFERTITI RISK CAPITAL MANAGEMENT, LLC,

> *Plaintiffs*,

NEFERTITI ASSET MANAGEMENT, LLC, NEFERTITI HOLDING CORPORATION,

> *Proposed Intervenors-*
> *Plaintiffs-Appellants*,

> v.                                        22-893

ADM INVESTOR SERVICES, INC.,

> *Defendant-Appellee.*\*

_____

_____

\* The Clerk of Court is respectfully directed to amend the case caption as set forth above.

1

For Proposed Intervenors-Appellants:      AARON H. PIERCE, Pierce & Kwok LLP, New York, NY.

For Defendant-Appellant:      JAMES J. HEALY, ALLISON D. WHITE, Cowdery, Murphy & Healy LLC, Hartford, CT.

DARYL SCHUMACHER, Kopecky Schumacher Rosenburg LLC, Chicago, IL.

Appeal from an order of the United States District Court for the Southern District of New York (Woods, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Proposed intervenors-plaintiffs-appellants Nefertiti Asset Management, LLC ("NAM") and Nefertiti Holding Corporation ("NHC," collectively "appellants") appeal from an order of the United States District Court for the Southern District of New York (Woods, *J.*), entered on February 18, 2022, adopting Magistrate Judge Stewart D. Aaron's June 7, 2021 Order denying appellants' motion to intervene. On appeal, appellants argue that the district court erred by: (1) denying intervention based on appellants' failure to file a proposed pleading pursuant to Federal Rule of Civil Procedure 24(c); (2) concluding that appellants' motion was untimely; and (3) concluding that appellants failed to establish that they would be prejudiced if their motion to intervene was denied. We disagree. Because we conclude that the district court properly denied appellants' motion to intervene for failure to comply with Rule 24(c), we do not reach appellants' remaining arguments regarding timeliness and prejudice.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

---

[1] Appellants' counsel has filed a motion to be relieved as counsel, dkts. 222, 223, and a motion to hold this appeal in abeyance pending the adjudication of his motion, dkt. 246. Kumaran herself filed a motion for extension of time to file an opposition to counsel's withdrawal motion, dkt. 229, and a motion to seal, dkt. 231. We grant the motion to withdraw as counsel and deny the remaining motions as moot.

"We review a District Court's denial of a motion to intervene, whether as of right or by permission, for abuse of discretion." *In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 197 (2d Cir. 2000). A motion to intervene under either branch of Rule 24 "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c).

Here, appellants failed to comply with Rule 24(c)'s pleading requirement. In some cases, courts have permitted an applicant to intervene despite such technical failures when the applicant's "position . . . is apparent from other filings[] and where the parties to the litigation will not be prejudiced." *Kleeberg v. Eber*, No. 16-CV-9517-LAK-KHP, 2019 WL 1416898, at *2 (S.D.N.Y. Mar. 28, 2019); *see also Hisp. Soc'y of N.Y.C. Police Dep't Inc. v. N.Y.C. Police Dep't*, 806 F.2d 1147, 1154 (2d Cir .1986) (describing how this requirement ensures "that all parties understand the position, claims[,] and nature of relief sought by the prospective intervenors" (internal quotation marks omitted)). This is not such a case. Even now, appellants have not adequately described the nature of their claims against defendant. Indeed, as the magistrate judge observed, "there is no indication that NAM or NHC had a separate account with [defendant]." J. App'x 244. Appellants do not provide any further detail regarding their claimed IP and such a claim is unsupported by the record. In fact, the operative complaint explicitly alleges that plaintiff Samantha Siva Kumaran (who also controls the appellant entities) is "the *sole* owner, author, and inventor of the [claimed] trade secrets" giving rise to her claim for trade secret misappropriation. *Id.* 795 (emphasis added). And while appellants refer to some allegations they raised in a separate

---

Appellee has also filed a motion to strike appellants' brief for violating the word limits set forth in Local Rule 32.1(a)(4)(A). Dkt. 152. We deny this motion as moot. However, we refer appellants' counsel, Aaron H. Pierce, to the Court's Grievance Panel, given that the allegations set forth in appellee's motion, particularly the allegation that appellants inserted hyphens and other characters in white font to artificially deflate the word count of their briefs, are serious and based on the current record appear to have foundation.

case – *Kumaran v. Vision Financial Markets, LLC*, No. 20-cv-03871 (S.D.N.Y.) – they cannot justify intervention in this case by referencing filings from a completely separate action.

Moreover, intervention would likely be futile. As the magistrate judge recognized, "to the extent that [appellants] may assert claims stemming from NAM's role as a competing CTA or Commodity Pool Operator, any such claims likely would have arisen after they applied to be NFA members and, thus, would be subject to NFA Member Arbitration Rules, including the requirement to arbitrate any disputes with other members, such as ADMIS." J. App'x 244 n.14. Thus, under the circumstances of this case, appellants' "failure to file a pleading along with [their] motion papers, as required by Rule 24(c), [is] fatal to [their] application." *Abramson v. Pennwood Inv. Corp.*, 392 F.2d 759, 761 (2d Cir. 1968) (affirming the denial of a motion to intervene because the applicant failed to comply with the requirements of Rule 24(c) and because intervention would be futile).

\* \* \*

We have considered appellants' remaining arguments and find them to be without merit. Accordingly, the order of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4