**The BUDD COMPANY WHEEL AND BRAKE DIVISION, Plaintiff,**

v.

**UNITED STATES, Defendant,**

**and**

**FNV–Veiculos E. Equipamentos, S.A., Defendant–Intervenor.**

Court No. 88–09–00725.

United States Court of International Trade.

Oct. 31, 1988.

Barnes, Richardson & Colburn, James H. Lundquist, Chicago, Ill., Matthew Clark, Washington, D.C., and Peter A. Martin, Redstone, Colo., for plaintiff.

John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civil Div., U.S. Dept. of Justice, Platte B. Moring, III, and Office of the Asst. Gen. Counsel for Import Admin., U.S. Dept. of Commerce (Matthew Jaffe, Washington, D.C., of counsel), for defendant.

Willkie Farr & Gallagher, William H. Barringer, James P. Durling, Daniel L. Porter, Washington, D.C., for defendant-intervenor.

OPINION

CARMAN, Judge:

This Court issued an order on September 28, 1988 vacating the temporary restraining order and denying plaintiff's motion for a preliminary injunction. This opinion follows the issuance of that order.

Plaintiff, The Budd Company, filed motions and an affidavit pursuant to Rules 7(f), 65(a) and (b) of the Rules of this Court

to obtain a temporary restraining order and a preliminary injunction restraining the International Trade Administration, United States Department of Commerce, (ITA or Commerce), and the United States Customs Service, (Customs), from liquidating entries of tubeless steel disc wheels imported from Brazil and manufactured by defendant-intervenor FNV–Veiculos E. Equipamentos, S.A. (FNV). A temporary restraining order was granted on September 22, 1988.

## BACKGROUND

On May 23, 1986 plaintiff filed an antidumping petition with the International Trade Commission, (ITC), and Commerce on behalf of the United States industry producing tubeless steel disc wheels. Commerce initiated on June 12, 1986 an antidumping duty investigation, 51 Fed.Reg. 21,952 (1986). The ITC determined on July 7, 1986, that there was a reasonable indication that an industry in the United States was materially injured or threatened with injury by imports of tubeless steel disc wheels from Brazil. 51 Fed.Reg. 25,752 (1986). At all relevant times the only two Brazilian exporters of tubeless steel disc wheels were Borlem, S.A. Empreedimentos, (Borlem), and FNV.

On December 19, 1986 Commerce issued its preliminary affirmative determination. 51 Fed.Reg. 46,904 (1986). Commerce directed Customs to suspend liquidation of Borlem's and FNV's entries and both companies were required to post a bond covering estimated antidumping duties.

Commerce issued its final affirmative antidumping duty determination on March 13, 1987. 52 Fed.Reg. 8,947 (1987). The ITC determined on April 27, 1987, that an industry in the United States was threatened with material injury by reason of imports from Brazil of tubeless steel disc wheels. 52 Fed.Reg. 17,487 (1987). On May 21, 1987, Commerce then issued an antidumping duty order concerning tubeless steel disc wheels from Brazil. 52 Fed.Reg. 19,-903 (1987). On that same day, Commerce also issued an amendment to its final determination, correcting a clerical error that occurred in the calculation of less than fair value margins for FNV. *Id.*

Borlem and FNV instituted an action in this Court challenging Commerce's final affirmative dumping duty determination in May, 1987. On June 15, 1988 this Court entered an order in *Borlem* remanding the action to Commerce with instructions to recalculate the antidumping duty margins and correct all clerical, methodological and transcription errors. *Borlem, S.A. Empreedimentos Industrias v. United States,* — CIT —, Slip Op. 88–77 (June 15, 1988) [1988 WL 63336].

On August 31, 1988, Commerce released a remand determination including new less than fair value margins which were *de minimis. Amended Final Determination of Sales at Less Than Fair value and Amended Antidumping Duty Order; Tubeless Steel Disc Wheels From Brazil* 53 Fed.Reg. 34,566 (1988). Based on this amended determination Commerce directed Customs to terminate suspension of liquidation for all entries of tubeless steel disc wheels from Brazil by FNV.

On September 22, 1988 plaintiff commenced this action challenging Commerce's amended determination and at the same time sought a temporary restraining order and a preliminary injunction to enjoin the liquidation of tubeless steel disc wheels exported from Brazil by FNV.

## DISCUSSION

A preliminary injunction is an extraordinary remedy that can be granted only upon a clear showing that the moving party is entitled to the relief requested. *American Air Parcel Forwarding Co. v. United States,* 1 CIT 293, 298, 515 F.Supp. 47, 52 (1981).

In order to obtain a preliminary injunction the plaintiff must establish the following four factors: (1) the threat of immediate irreparable harm; (2) the likelihood of success on the merits; (3) that the public interest will be better served by issuance of a preliminary injunction; and (4) that the balance of hardship favors the plaintiff. *Zenith Radio Corp. v. United States,* 1 Fed.Cir. (T) 74, 76, 710 F.2d 806, 809 (1983);

*Timken Co. v. United States,* — CIT —, —, 666 F.Supp. 1558, 1559 (1987). A failure to establish any one of the requisite factors is fatal to the application for a preliminary injunction. *S.J. Stile Assoc. Ltd. v. Snyder,* 68 CCPA 27, 30, C.A.D. 1261, 646 F.2d 522, 525 (1981). The Court has applied the facts at hand to each factor and found that plaintiff has not met the standard necessary to be granted a preliminary injunction.

**(1) *The Threat of Immediate Irreparable Harm***

The Court of Customs and Patent Appeals has interpreted this requirement as follows:

> Only a viable threat of serious harm which cannot be undone authorizes exercise of a court's equitable power to enjoin before the merits are fully determined. A preliminary injunction will not issue simply to prevent a mere possibility of injury, even where prospective injury is great. A presently existing, actual threat must be shown.

68 CCPA at 30, 646 F.2d at 525.

Plaintiff contended that it would suffer immediate and irreparable harm if defendant-intervenor's entries were liquidated pending judicial review. Plaintiff urged should it prevail in its challenge to the final amended determination, without a preliminary injunction enjoining liquidation, the ultimate relief sought by plaintiff would be illusory since the FNV entries would already have been liquidated. Plaintiff, using the reasoning employed by the Court of Appeals for the Federal Circuit in *Zenith,* argued that liquidation of entries which were the subject of a Section 751 annual review determination constituted irreparable injury and should have like treatment in this case.

While *Zenith* held that liquidation constituted irreparable injury pending the final results of a Section 751 review, this Court has not given broad extension to that rationale in other proceedings. *See Timken,* — CIT at —, 666 F.Supp. at 1559–60; *Bomont Industries v. United States,* — CIT —, —, 638 F.Supp. 1334, 1338 (1986), *American Spring Wire v. U.S.,* 7 CIT 2, 6, 578 F.Supp. 1405, 1408.

In *Timken,* plaintiff challenged a final determination by the ITA and refused to extend the reasoning of *Zenith* to allow the suspension of liquidation where there was an antidumping termination order.

However, where the action contests either negative injury or negative dumping determinations in an investigation, not annual review results, recent cases have declined to hold that liquidation alone is sufficient to establish irreparable harm. [citations omitted]....

. . . .

... While plaintiff may not be satisfied that a successful challenge will result in only prospective relief, it retains both its statutory right and a remedy which may be pursued. Some further affirmative showing on plaintiff's part as to irreparable injury is required.

— CIT at —, 666 F.Supp. at 1559–60.

Following the rationale of *Timken, Bomont Industries* and *American Spring Wire,* plaintiff must prove irreparable injury by means other than liquidation alone. — CIT at —, 666 F.Supp. at 1559–60. Plaintiff contended during oral argument that it was unable to show any harm because of the suspension of liquidation which had been in effect. Since plaintiff offered no further evidence to show how it would be irreparably harmed, this Court denied plaintiff's motion for a preliminary injunction.

**(2) *The Likelihood of Success on the Merits***

Plaintiff contended that it had raised "serious and substantial issues concerning the methodologies used by the ITA in its antidumping investigation." Plaintiff's Memorandum in Support of Plaintiff's Motions for Temporary Restraining Order and Preliminary Injunction, (Plaintiff's Memo), at 11. Plaintiff also contended that the requisite of showing the likelihood of success was satisfied because it had presented a "serious, substantial, difficult, and doubtful" question to the Court. *Id.*

**38**

While the Court found plaintiff's contentions interesting, there was not an adequate demonstration of proof to establish a likelihood of success on the merits to justify the issuance of a preliminary injunction.

(3) *The Public Interest Will Be Better Served By Issuance of a Preliminary Injunction*

Plaintiff contended that it was in the public interest to keep the suspension of liquidation in place, maintaining, according to plaintiff, the *status quo*. Plaintiff's Memo at 13. Defendant and defendant-intervenor replied that the *status quo* would be better served if liquidation were to take place since Commerce had issued a final negative antidumping determination. Defendant's Memorandum in Opposition to Plaintiff's Motion For a Preliminary Injunction (Defendant's Memo) at 18; Defendant-Intervenor's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Preliminary Injunction (Defendant-Intervenor's Memo) at 17.

This Court has stated in the past that "there can be no doubt that [the public interest] is best served by ensuring that the ITA complies with the law, and interprets and applies our international trade statutes uniformly and fairly." *Ceramica Regiomontana v. United States*, 7 CIT 390, 397, 590 F.Supp. 1260, 1265 (1984). In the instant case, based on a lack of adequate proof offered, the balance of equities tips in favor of the defendant. The public interest is best served by denial of the preliminary injunction.

(4) *The Balance of Hardship Favors the Plaintiff*

Plaintiff contended that the balance of hardship "falls squarely on plaintiff" because its right to have the entries complained of subjected to judicial scrutiny would be prejudiced if the injunction were not granted. Plaintiff's Memo at 14.

Defendant argued that granting plaintiff the injunction would establish a dangerous precedent especially if every petitioner in an antidumping investigation who was unsuccessful in the administrative proceedings could successfully obtain an injunction to preserve the possibility of obtaining the relief it initially sought at the administrative level. Defendant's Memo at 20.

FNV argued that suspension of liquidation imposed hardships on them because of the hindering effect suspension has on its business. FNV was also concerned that if the injunction were granted it could take months before the litigation was completed and the injunction lifted. Defendant-Intervenor's Memo at 19-20.

The Court found that the balance of hardship favored defendant based upon the proof offered. Furthermore, should a plaintiff be able to obtain a preliminary injunction suspending liquidation, without other proof where there has been a negative determination in an antidumping investigation merely by starting an action in this Court challenging that negative determination, such relief would tend to unjustifiably disrupt the orderly administration of our trade statutes.

## CONCLUSION

Plaintiff's application for a preliminary injunction is denied since it has failed to establish by requisite proof the necessary grounds for the issuance of a preliminary injunction. The preliminary injunction is denied.