**TRENT TUBE DIVISION, CRUCIBLE MATERIALS CORPORATION; Armco–Specialty Steel Division; Damascus Tubular Products; Allegheny Ludlum Corporation; Carpenter Technology Corporation; and United Steelworkers of America, AFL–CIO–CLC, Plaintiffs,**

v.

**UNITED STATES, Defendant,**

and

**Avesta Sandvik Tube AB and Avesta Stainless, Inc., Defendant–Intervenors.**

**Court No. 87–12–01189.**

United States Court of International Trade.

Aug. 28, 1990.

---

**9.** Plaintiff's Memorandum, p. 3.

See also 741 F.Supp. 227.

Collier, Shannon & Scott, David A. Hartquist, Kathleen Weaver Cannon and Nicholas D. Giordano, Washington, D.C., for plaintiffs.

Lyn M. Schlitt, Gen. Counsel, James A. Toupin, Asst. Gen. Counsel, Office of the Gen. Counsel, U.S. Intern. Trade Com'n, George Thompson and William T. Kane, Stuart M. Gerson, Asst. Atty. Gen., David A. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, M. Martha Ries and A. David Lafer, David Richardson, Atty.–Advisor, Office of the Chief Counsel for Intern. Trade, U.S. Dept. of Commerce, for defendant.

Freeman, Wasserman & Schneider, Jack Gumpert Wasserman, Bernard J. Babb and Patrick C. Reed, New York City, for defendant-intervenors.

## OPINION

CARMAN, Judge:

This Court issued an order on August 22, 1990 denying plaintiffs' motions for dismissal and for a preliminary injunction. This opinion follows the issuance of that order and enunciates findings of fact and conclusions of law underlying the issuance of that order.

## BACKGROUND

On August 15, 1990, plaintiffs, Trent Tube, *et al.*, filed pursuant to Rule 7(e) an order to show cause why the remand decision in the instant case should not be immediately affirmed and the action summarily dismissed. In the remand decision, dated on August 6, 1990, the International Trade Commission (ITC) reversed its original determination and found that an industry in the United States was materially injured by reasons of imports of the subject merchandise that had been found by the Department of Commerce to have been sold in the United States at less than fair value. Simultaneously, plaintiffs filed pursuant to Rules 7(f) and 65(a) an application for a preliminary injunction, seeking (1) to enjoin liquidation of any and all entries of welded stainless steel pipe and tube from Sweden within the scope of the subject investigation of the instant case and (2) to require assessment of a cash deposit or the posting of a bond equivalent to the estimated dumping margin. Defendant United States and defendant-intervenors opposed the motions.

## DISCUSSION

A preliminary injunction is an extraordinary remedy which may issue only upon a clear showing by the moving party that they are entitled to such relief. *American*

*Air Parcel Forwarding Co. v. United States,* 1 CIT 293, 298, 515 F.Supp. 47, 52 (1981). Plaintiffs must establish the following four factors in order to obtain a preliminary injunction: (1) the threat of immediate irreparable harm; (2) the likelihood of success on the merits; (3) the public interest would be better served by the requested relief; and (4) the balance of hardship on all the parties favors plaintiffs. *Zenith Radio Corp. v. United States,* 710 F.2d 806, 809 (Fed.Cir.1983). If any one of the requisite factors has not been established by plaintiffs, the motion for a preliminary injunction must be denied. *S.J. Stile Assocs. Ltd. v. Snyder,* 68 CCPA 27, 30, C.A.D. 1261, 646 F.2d 522, 525 (1981).

The Court has applied the facts of the instant case to each factor and found that plaintiffs have not met the standard necessary to be granted a preliminary injunction.

### (1) *The Threat of Immediate Irreparable Harm*

Plaintiffs contended that they would suffer irreparable harm if the entries in question continued to be liquidated. As this court has consistently held, liquidation of entries alone does not constitute irreparable harm in a challenge brought by a domestic producer to a negative injury or a less-than-fair value determination. *Budd Co. Wheel and Brake Div. v. United States,* 12 CIT ——, 700 F.Supp. 35, 37 (1988) (citing *Timken Co. v. United States,* 11 CIT 504, 506, 666 F.Supp. 1558, 1559–60 (1987)). *See also Bomont Indus. v. United States,* 10 CIT 431, 435, 638 F.Supp. 1334, 1338 (1986) and *American Spring Wire Corp. v. United States,* 7 CIT 2, 578 F.Supp. 1405 (1984). Plaintiffs must show additional evidence of immediate irreparable harm in order to prevail on their motion. The affidavit by the president of Trent Tube stated that he was "concerned that defendant-intervenors ... will significantly increase exports of welded stainless steel pipe and tube to the United States." Affidavit of William K. Grant at 2. Plaintiffs' president also expressed his "firm belief that Avesta, like the other producers worldwide, has significant unutilized capacity" and noted that "[t]here is no doubt in my mind that if this litigation is extended and liquidation is not suspended Avesta will quickly increase its exports to the United States because of the likelihood of an impending antidumping duty order...." *Id.*

The Court found plaintiffs' evidence did not reach the level of proving immediate irreparable harm and therefore denied plaintiffs' motion for summary judgment. The affidavit provided was speculative in nature and vague as to what actual harm would result in the event the injunction did not issue. The conclusion that harm would result was not explained. *See Tropicana Products, Inc. v. United States,* 3 CIT 171, 176, 1982 WL 2229 *as amended by* 3 CIT 240, 1982 WL 2234 (1982).

### (2) *Likelihood of Success on the Merits*

Plaintiffs contended that they had a significant likelihood of success since the remand determination resulted in their favor. At this juncture, the Court has not affirmed the remand result and believes plaintiffs' assumption of the Court's affirmation to be premature.

### (3) *The Public Interest Would Be Better Served by the Requested Relief*

Plaintiffs claimed that the public has a strong interest in seeing that the trade laws are enforced and that since the remand determination indicated a finding of injury, suspension of liquidation and imposition of antidumping duties were in order. Defendant argued that the public interest is best served by ensuring that the trade laws are complied with, interpreted and applied uniformly and fairly. *Ceramica Regiomontana, S.A. v. United States,* 7 CIT 390, 397, 590 F.Supp. 1260, 1265 (1984). Defendant pointed out that the Court is not authorized to grant the ultimate relief requested (in the instant case suspension of liquidation and collection of estimated duties) until a final court decision is rendered. *Timken Co. v. United States,* 893 F.2d 337, 340 (Fed.Cir.1990).

The Court determined that the public interest would best be served by compliance

with the international trade laws and denial of plaintiffs' motion for preliminary injunction.

#### (4) *The Balance of Hardships on All the Parties Favors the Plaintiffs*

Plaintiffs contended that if liquidation was not suspended, a surge in Swedish imports, which would never be subject to antidumping duties, would result. Plaintiffs claimed that a posting of bond or cash deposit by defendant-intervenors, which would be reimbursed if defendant-intervenors prevailed, would not be a hardship. Plaintiffs saw negligible hardship where the government was concerned.

Defendant-intervenors claimed that suspension of liquidation would be burdensome to them by "caus[ing] uncertainty to the importers and independent businesses as to the ultimate price of the goods." *Timken Co.*, 11 CIT at 509, 666 F.Supp. at 1561. They also reiterated their contention that plaintiffs had proven no immediate irreparable injury. Defendant contended that collection of estimated duties on defendant-intervenors' imports would result in economic harm by requiring the defendant-intervenors to pay estimated duties prior to

a "conclusive" decision on the merits on the remand determination.

The Court found that the balance of hardship did not favor plaintiffs based upon the proof offered.

### CONCLUSION

Plaintiffs' application for a preliminary injunction was denied since they failed to establish by requisite proof the necessary grounds for the issuance of a preliminary injunction.

Plaintiffs' application for summary dismissal was denied as premature.

The Court directed defendant-intervenors to supply the Court with any briefs they wished to submit by August 29, 1990 bringing to the Court's attention any failure on the part of the ITC to comply with the remand instructions of the Court pursuant to the Court's opinion of June 20, 1990, as amended July 6, 1990. The Court made provision for answering and reply briefs.