**Slip Op. 03-157**

# UNITED STATES COURT OF INTERNATIONAL TRADE

<table>
<tr><td>

—————————————————————  :
                                       :
DUPONT TEIJIN FILMS USA, LP,       :
MITSUBISHI POLYESTER FILM OF      :
AMERICA, LLC, and                   :
TORAY PLASTICS (AMERICA), INC.,     :
                                        :
          Plaintiffs,             :
                                          :
          v.                  :
                                          :    Consol. Court No. 02-00463
UNITED STATES,                     :

</td></tr>
</table>

```
                                                                :
DUPONT TEIJIN FILMS USA, LP,                                    :
MITSUBISHI POLYESTER FILM OF                                    :
AMERICA, LLC, and                                              :
TORAY PLASTICS (AMERICA), INC.,                                :
                                                                :
                Plaintiffs,                                     :
                                                                :
                v.                                              :
                                                                :    Consol. Court No. 02-00463
UNITED STATES,                                                  :
                                                                :
                Defendant,                                      :
                                                                :
                and                                             :
                                                                :
POLYPLEX CORPORATION LIMITED,                                   :
                                                                :
                Defendant-Intervenor.                           :
                                                                :
```

[Plaintiffs' motions for preliminary injunction and to supplement administrative record denied.]

Dated: December 4, 2003

Wilmer, Cutler & Pickering (John D. Greenwald, Ronald I. Meltzer, Lynn M. Fischer and Lisa Pearlman) for plaintiffs.

Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, Jeanne E. Davidson, Deputy Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Paul Kovac), Scott D. McBride, Office of the Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.

Coudert Brothers LLP (Kay C. Georgi and Mark P. Lunn) for defendant-intervenor.

**OPINION**

**RESTANI, Chief Judge:**

Plaintiffs move the court for the entry of a preliminary injunction that (1) enjoins the United States Bureau of Customs and Border Protection ("Customs") from liquidating entries of polyethylene terephthalate film, sheet, and strip ("PET film") produced and/or exported by Polyplex Corporation Ltd. ("Polyplex"), which have been entered or withdrawn from warehouse on or after July 1, 2002, the date of the final amended determination of sales at less than fair value and antidumping duty order, and (2) orders the United States Department of Commerce ("Commerce" or "the Department") to issue instructions suspending liquidation on all such entries or withdrawals from warehouse, pending the final resolution of this action and any appeals thereto. Commerce and Polyplex both oppose the motion primarily on the ground that Plaintiffs have failed to establish the threat of immediate irreparable harm.

**Background**

On May 16, 2002, the United States Department of Commerce published its final determination that PET film from India is being sold, or is likely to be sold, in the United States at less than fair value ("LTFV"). Polyethylene Terephthalate Film, Sheet, and Strip From India, 67 Fed. Reg. 34,899 (Dep't Commerce May 16, 2002) (final) [hereinafter Final Determination]. The Department, however, determined to exclude Polyplex from the affirmative determination on the ground that, after adjusting Polyplex's cash deposit to account for export subsidies found in a companion countervailing duty investigation, Polyplex's margin of dumping was, "in reality," de minimis. Id. at 34,901. Accordingly, the Department issued a negative LTFV determination as to Polyplex. See id.

On July 9, 2003, the court remanded the Final Determination to Commerce, holding that the Department's decision to exclude Polyplex from the antidumping duty order on the basis of a zero cash deposit rate, despite a 10.34 percent dumping margin, was not in accordance with law. Dupont Teijin Films USA, LP v. United States, 273 F. Supp. 2d 1347, 1352 (Ct. Int'l Trade 2003). On August 11, 2003, the Department reversed its LTFV determination as to Polyplex and decided to include Polyplex in the antidumping duty order because its dumping margin was greater than de minimis, despite its cash deposit rate of zero. Plaintiffs filed their motion for a preliminary injunction on September 8, 2003.[1] On October 28, 2003, Plaintiffs filed a motion to supplement the administrative record with Commerce's liquidation instructions to Customs on PET film from India.

## Discussion

As an initial matter, the court denies Plaintiffs' motion to supplement the record. The court need not look outside the record to decide whether the motion for preliminary injunction should be granted. Furthermore, Plaintiffs have failed to justify the court's consideration of matters outside the administrative record on incompleteness or any other ground. See F.lli De Cecco di Filippo Fara San Marino S.p.A. v. United States, 980 F. Supp. 485, 487 (Ct. Int'l Trade 1997) ("A court will only consider matters outside of the administrative record when there has been a 'strong showing of bad faith or improper behavior on the part of the officials who made the determination' or when a party demonstrates that there is a 'reasonable basis to believe the

---

[1] The Rules of the United States Court of International Trade generally require that a motion for preliminary injunction to enjoin the liquidation of entries be filed within 30 days of the filing of a complaint. This requirement is waived "for good cause shown." USCIT R. 56.2(a). In the present dispute, neither Polyplex nor Commerce argues that the motion was untimely filed, so the court will address the motion on the merits.

administrative record is incomplete.'").

Plaintiffs' motion for a preliminary injunction also fails. The court will only grant the "extraordinary remedy" of preliminary injunction if Plaintiffs establish: (1) the threat of immediate irreparable harm; (2) their likelihood of success on the merits; (3) the public interest would be better served by the requested relief; and (4) the balance of hardship on all the parties favors Plaintiffs. Altx, Inc. v. United States, 211 F. Supp. 2d 1378, 1380 (Ct. Int'l Trade 2002) (citing Zenith Radio Corp. v. United States, 710 F.2d 806, 809 (Fed. Cir. 1983)). This case is factually similar to Altx and, based on that precedent, Plaintiffs' motion for a preliminary injunction must be denied.

Just like the plaintiff in Altx, Plaintiffs here rely on Zenith for the proposition that, because the Department has rendered an affirmative LTFV determination with respect to Polyplex following the court's initial remand, the court must find irreparable harm to the domestic industry. However, "Zenith does not apply here because the instant case involves an appeal of [an antidumping] determination in an investigation, rather than an administrative review." Id. Furthermore, the court has repeatedly held that liquidation of entries alone does not constitute irreparable harm in the context of a negative LTFV determination even where, as here, the Department reverses itself and renders an affirmative determination on remand. Sandoz Chemicals Corp. v. United States, 17 CIT 1061, 1063 (1993); Trent Tube Div., Crucible Materials Corp. v. United States, 14 CIT 587, 588, 744 F. Supp. 1177, 1179 (1990). Plaintiffs must present additional evidence of immediate irreparable harm if their motion is to prevail. See Altx, 211 F. Supp. 2d at 1381. Speculative evidence of harm is insufficient. Trent Tube, 14 CIT at 589, 744 F. Supp. at 1179.

Applying the foregoing principles to the present case, the court finds that Plaintiffs have failed to establish the threat of immediate irreparable harm if the injunction does not issue. Plaintiffs argue that they will suffer irreparable harm absent preliminary injunctive relief because Polyplex's entries from July 1, 2002 through June 30, 2003 will not be subject to an administrative review. As discussed above, however, liquidation of Polyplex's entries, even in light of the Department's affirmative LTFV determination on remand, is not enough to establish irreparable harm.[2] Plaintiffs have failed to offer any additional evidence of immediate irreparable harm from the liquidation of Polyplex's entries, and, accordingly, their motion fails.

### Conclusion

For all of the foregoing reasons, Plaintiffs' motion for preliminary injunction is DENIED. SO ORDERED.

_____
Jane A. Restani
Chief Judge

DATED: New York, New York

This 4th of December, 2003.

_____

[2] Because Plaintiffs have failed to show irreparable harm, the court need not address whether they have established the other three elements required for the issuance of a preliminary injunction. Altx, 211 F. Supp. 2d at 1382 (citation omitted).